UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIAM J. FALLON, JR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-0961** |
| **BURL CAIN, WARDEN** | * | **SECTION: "N"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, William J. Fallon, is a state prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a life sentence, having been convicted by a jury of one count of second degree murder, in violation of La.R.S. 14:30.1. Petitioner claims that: 1) his constitutional right to due process was violated when the state trial judge misinterpreted his post-conviction claim as being the same claim he had raised on direct appeal; and, 2) his due process rights were violated when the state court ignored evidence that indicated petitioner was incompetent.[1] The State filed a response to the habeas petition, urging this court to time bar the federal petition.[2] The State, alternatively, claims that petitioner has not exhausted his state remedies with regard to his two claims.

For the following reasons, the court agrees with the State that Fallon's federal habeas petition is time-barred from federal review.

## Procedural History

On January 13, 2001, a jury found petitioner guilty as charged of one count of second degree murder, a violation of La.R.S. 14:30.1.[3] Petitioner was subsequently sentenced to a life sentence without benefit of parole, probation or suspension of sentence for his crime. Upon appeal, the Louisiana First Circuit Court of Appeal affirmed the

---

[1] Rec. Doc. 4-1.

[2] Rec. Doc. 11.

[3] *State v. Fallon*, Docket # 279645 "C", 22nd Judicial District Court, Parish of St. Tammany, Louisiana. *See* Verdict Sheet at State Rec. Vol. 1 of 5.

conviction, but vacated the sentence and remanded for re-sentencing as the trial court had neglected to indicate that the sentence was to be served "at hard labor".[4] On June 13, 2002, the trial court re-sentenced Fallon to life at hard labor and without benefit of parole, probation or suspension of sentence. No further appeal was taken.

Petitioner signed and dated his first state post-conviction application on July 25, 2008, and it was denied by the trial court on August 9, 2008.[5] A request for supervisory writs to the Louisiana First Circuit Court of Appeal was denied on February 2, 2009.[6] Petitioner requested review of this decision and the Louisiana Supreme Court denied his writ request on January 22, 2010.[7]

Finally, petitioner filed the instant federal habeas petition in this court on or about March 2, 2010.[8]

---

[4]*State v. Fallon*, 826 So.2d 658 (La. App 1st Cir, 5/10/02)(Table).

[5]A copy of the post-conviction denial can be located in State Rec. vol. 5.

[6]Writ No. 2008-KW-2150, a copy of which is located in State Rec. vol. 5.

[7]*State ex rel. Fallon v. State*, 25 So.3d 137 (La. 1/22/2010)(No. 2009-KH-0658).

[8]The court gives petitioner the benefit of the date he signed and dated his federal habeas application rather than the date it was actually filed in this court, pursuant to the federal "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL

**Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(A) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Fallon's conviction became final, for federal limitations purposes, on June 18, 2002, 5 days after the June 13, 2002 re-sentencing, as that is the date when Fallon could no longer seek review of the trial court's sentencing decision with the state appellate court.[9] Accordingly, the court finds that Fallon's one year limitation period commenced to run on June 19, 2002. Under a plain reading of the statute, Fallon then had one year within which to file his federal habeas petition, or a deadline of June 19, 2003. Fallon did not file his federal habeas petition with this court until March 2, 2010. Thus, his challenge to his 2001 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that

---

562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[9]Although the State responds that petitioner's conviction became final 30 days after the re-sentencing, this claim is legally incorrect. At the time of Fallon's re-sentencing in 2002, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within <u>five</u> days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As the previously mentioned procedural history indicates, Fallon filed his first state post-conviction application on July 25, 2008, five years after his federal statute of limitations had expired. Thus Fallon is not entitled to tolling as no properly filed application for State post-conviction or other collateral review was pending during the June 19, 2002- June 19, 2003 one year limitations time period. Therefore, unless equitable tolling is available, his federal petition must be denied as time-barred.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in "rare and exceptional circumstances". *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief." *Id.* Moreover, the petitioner bears the

burden of establishing entitlement to equitable tolling in the AEDPA context. *Philips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this instance, Fallon has not filed any objection or traverse to the State's assertion of a time-bar defense. Nor does the record reveal a valid basis for equitable tolling to be applied in this case. Accordingly, this court is barred from reviewing Fallon's federal petition under the time limitation requirements set forth in 28 U.S.C. §2244(d)(1) and (2).[10]

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by William J. Fallon, Jr. be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

---

[10] Since a dismissal based upon untimeliness is a dismissal with prejudice, this court pretermits the issue of whether Fallon has failed to exhaust his federal claims.

served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [11]

New Orleans, Louisiana, this 25th day of February, 2011.

_____
 **LOUIS MOORE, JR.**
 **UNITED STATES MAGISTRATE JUDGE**

---

[11]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.